**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-7606**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH TYRONE MOSELEY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (CR-99-206, CA-02-28)

---

Submitted: January 30, 2003            Decided: February 5, 2003

---

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Kenneth Tyrone Moseley, Appellant Pro Se.  Stephen Westley Haynie, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenneth Tyrone Moseley appeals the district court's orders dismissing and denying his motions filed under 28 U.S.C. § 2255 (2000) and Fed. R. Civ. P. 60(b). Insofar as Moseley seeks to appeal from the district court's order dismissing his § 2255 motion, the notice of appeal was untimely. We therefore dismiss the appeal as to that order for lack of jurisdiction.

The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). In civil cases in which the United States is a party, parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal. See Fed. R. App. P. 4(a)(1)(B). The only exception to the appeal period is when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). The filing of a Fed. R. Civ. P. 60(b) motion for reconsideration does not change the applicable appeal period, unless the motion is filed within ten days of the entry of the district court's order. Fed. R. App. P. 4(a)(4)(A).

The district court entered its order dismissing Moseley's § 2255 motion as untimely on June 7, 2002; Moseley's motions for reconsideration of that order were filed on July 30, 2002, and his

2

notice of appeal was filed on October 14, 2002.[*] Moseley's failure to timely file his notice of appeal or to obtain an extension within the prescribed time frame leaves this court without jurisdiction to consider the merits of Moseley's appeal as it pertains to his § 2255 motion.

With regard to the denial of Moseley's motions for reconsideration, we have reviewed the record and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

3